# KUTNER FRIEDRICH, LLP
950 THIRD AVENUE 11ᵀᴴ FLOOR
NEW YORK, NY 10022

Telephone (212) 308-0210                                Facsimile (212) 308-0213

December 14, 2020

*Via ECF*
Hon. Ann M. Donnelly
District Court Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza
Brooklyn, NY 11201

     Re: **Vsevolod Garanin vs. Elliot Vayner, M.D. et al**
       **20-CV-4601 (AMD) (PK)**

Dear Judge Donnelly:

I represent the defendants Elliot Vayner, M.D, Jenny Vayner and Sunshine Pediatric, P.C. in the above matter, I write pursuant to Local Rule 7.1(d) and Rule 4(A)[i] of the Court's Individual Rules of Practice for a pre-motion conference. The defendant's ask the Court for permission to move for dismissal of the complaint under FRCP 12(b)[6]. Plaintiff claims jurisdiction in this lawsuit under 42 USC §§1983, 1985 and 45 CFR 164.502(g).

The defendants are entitled to dismissal for lack of subject matter jurisdiction on the ground that plaintiff's amended complaint does not involve a federal question invoking the jurisdiction of this court under 28 U.S.C. §1331 and the defendant was not acting under color of state law in order to invoke §1983.[1] As such, The defendants seek dismissal pursuant to FRCP §12(b)[6] on the ground that this court does not have subject matter jurisdiction in this matter because none of the defendants were acting under color of state law with regard to the allegations in the amended complaint. In addition, the defendants seek dismissal of plaintiff's civil conspiracy to deny him of his civil rights on the ground that there is no plausible claim pled in the complaint.

## GROUNDS FOR DISMISSAL

Plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Assuming all

---

[1] The legal standards applicable to a FRCP 12(c) motion are the same as those applied to a FRCP 12(b)(6) motion to dismiss. *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). To survive a FRCP 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

allegations contained in the complaint to be true, the complaint will only have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Notwithstanding that "[w]here, as here, the complaint was filed pro se, it must be construed liberally to raise the strongest arguments it suggests… a pro se complaint must state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal citations, quotation marks, and brackets omitted).[2]

## BACKGROUND

Plaintiff is the biological father of two children who are patients of the defendant Elliot Vayner, M.D. a pediatrician in private practice on Staten Island. It is undisputed that the children identified in the amended complaint reside with their biological mother who has been making all healthcare decisions and is the primary caregiver and the individual who brings the children for their office visits with the defendant.

Plaintiff, a resident of New Jersey[3],  claims that the defendant Dr. Vayner has violated his civil rights by not providing him with copies of his children's medical records or discussing his childrens medical condition.[4]  Plaintiff claims that the defendant has conspired with the childrens' mother  to deprive him of his civil rights under 28 USC §1985. In addition, the amended complaint alleges a violation of 45 CFR §164.502(g)[5].

The amended complaint sets for three counts. Count I is an attempt to describe  a violation of plaintiff's 14th Amendment rights to substantive due process; Count II alleges a violation of the plaintiff's 14th amendment right to equal protection; Count III alleges violations of federal regulations governing the administration of the Health Care Portability  and Accountability Act of 1996 (P.L. 104-91; 42 USC §1320d-6; 45 CFR §164.502(g)).

---

[2] A claim has facial plausibility when the defendant pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Applying the plausibility standard is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Software for Moving, Inc. v. Frid,* 09 CIV 4341 DLC, 2010 WL 2143670 (S.D.N.Y. May 27, 2010)

[3] Plaintiff made the conscious  decision  not claim diversity jurisdiction under 28 USC §1332

[4] As of this writing plaintiff has received copies of his childrens medical records and has discussed by telephone their care and condition with the defendant.

[5] 45 CFR §164.502(g) concerns the requirement under HIPAA that a parent has a right to make medical decisions on behalf of his children. The rule is enforced by the Department of Health and Human Services Office for Civil Rights and  does not give rise to a private right of action.

## LEGAL ARGUMENT IN SUPPORT OF DISMISSAL
## OF THE AMENDED COMPLAINT

**1.   THE DEFENDANT, A PEDIATRICIAN IN PRIVATE PRACTICE, IS NOT A STATE ACTOR FOR PURPOSES OF §1983**

It is well settled that a §1983 plaintiff bears the burden of showing state action on the part of the defendant. *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003); *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 n.2, 121 S. Ct. 924 (2001). Here, plaintiff has failed to meet his burden.[6]

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (U.S. 1988) and that the alleged deprivation such right was committed by a person acting under color of state law." *West*, 487 U.S. at 48. It is well settled that a defendant acts under color of state law when he exercises `some right or privilege created by the State . . . or by a person for whom the State is responsible,' and is 'a person who may fairly be said to be a state actor. *Adickes* v. *S. H. Kress Co.*, 398 U.S. 144, 150 (1970); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Plaintiff is under the mistaken belief that because Dr. Vayner is licensed by the State of New York to practice medicine, he is therefore acting under color of state law for purposes of §1983. This is contrary to our case law. The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350. Furthermore, as Judge Gleason wrote in *Bernazard v Bartsich* 15-cv-945 (JG) (2016): "Private physicians are generally not state actors, especially where the physician is not performing a function traditionally reserved for the state and where the physician was not under contract with the State to provide medical services."); *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 320 (S.D.N.Y. 2008) (a private physician not state actor when he merely provided treatment in accordance with his professional medical judgment and was not under a state contract); *Vazquez v. Marciano*, 169 F. Supp. 2d 248, 253-54 (S.D.N.Y. 2001)

As to private entities, they act under state law for § 1983 purposes when "(1) the State compelled the conduct [the 'compulsion test'], (2) there is a sufficiently close nexus between the State and the private conduct [the 'close nexus test' or 'joint action test'], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [the 'public function test']. *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (summary order) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). This case fails on all three teats.

---

[6] It is worth noting that none of the parties to this lawsuit are "state actors". Jenny Vayner is the wife of Dr. Vayner who assists in the management of his practice. Eirena Bykhovksy is the children's mother and Olga Bykhovsky is the children's grandmother.

Defendant Vayner is a physician in private practice in Richmond County. He is not "compelled" by the state to render pediatric care to the plaintiff's children. He has no legally cognizable connection to the City government or the State of New York to establish a "sufficiently close nexus" between himself and the state nor is he acting on behalf of the. state in caring for the plaintiff's children. His treatment of the children does not constitute an activity that has traditionally been left to the state.   Dr. Vayner did not see the children in the setting of a clinic that receives federal or state funding nor does plaintiff claim that the defendant assumed the duties of the state in rendering pediatric care to his children. The children were not in state care but were living at home with their mother. Plaintiff claims mothing more than the defendant did not comply with his request to see his children's medical records which is a violation of his rights under the 14th Amendment. This claim must fail as the defendant was not acting under color of state law.

## 2.   PLAINTIFF'S CLAIM UNDER 28 U.S.C. §1331 MUST FAIL AS THERE IS NO FEDERAL QUESTION RAISED

Plaintiff claims jurisdiction under 28 USC §1331 (federal question) by bootstrapping an alleged violation of the Code of Federal Regulations implementing the privacy provisions of the Health Insurance Portability and Accountability Act (HIPAA). Ordinarily, to have federal question jurisdiction, the plaintiff's amended complaint must be a well-pleaded one. This means that the plaintiff's amended                                     must contain the references to the federal question and the federal issue evoked. A plaintiff properly invokes §1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution. Specifically, plaintiff claims in Count II that the defendant has violated a provision of the Code of Federal Regulations established to implement.

Respectfully, courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co*., 526 U. S. 574, 583 (1999). Thus "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Kontrick v. Ryan,* 540 U. S. 443, 455 (2004). Moreover, a claim invoking federal-question jurisdiction may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is immaterial and made solely for purpose of obtaining jurisdiction or is wholly insubstantial and frivolous. See generally *Arbaugh v. Y&H Corp*. 546 U.S. 500, 126 S.Ct. 1235.

Here, the plaintiff has asserted a right under New York common law, not federal. The Family court act does not, as he believes,  give him, as a non-custodial biological parent, a statutory right to obtain his children's medical records as distinguished from hnis right to visitation of with his children.  Rather, the decisional law in New York has recognized such a right. Regardless, the claim is now moot since Mr. Garanin was given his children's medical records and continues to receive updated records. Dr. Vayner, despite having been sued,  has also spoken by telephone with Mr. Garanin about the children's health and continues to do so.

### 3.   PLAINTIFF CANNOT CLAIM JURISDICTION UNDER 42 U.S.C. §1985 AS HE HAS FAILED TO SUFFICIENTLY ESTABLISH A CONSPIRACY TO DEPRIVE HIM OF A PROTECTED RIGHT

Without conceding that unlimited access to his children's medical records is a civil right within the ambit of §1985 the complaint fails under the well pleaded complaint rule enunciated in  the defendants cannot conspire to deny him of a constitutionally protected civil right that does not, in fact, exist.  constitutional right under §1985.[7] Moreover, §1985 clearly requires plaintiff to set forth facts constituting a conspiracy. Here, the amended complaint fails sufficiently describe. the alleged conspiracy. All that can be discerned from the complaint is that that Dr. Vayner  did not give plaintiff  his children's records quickly enough. Plaintiff, who now has the records, cannot be heard to argue that the failure to provide him with copies of his children's records in a timely manner was the overt act in this alleged conspiracy especially in view of the fact that he has received the records.

Furthermore, the language and legislative history of § 1985(3) establishes that it requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *United Board of Carpenters v. Scott*, 463 U.S. 825, 826, 103 S. Ct. 3352, 3355 (1983),citing *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798 (1971). Plaintiff's complaint does not substantiate  such a claim other than his conclusory statement that he is being treated differently than other fathers.

### 4.   THERE IS NO 14TH AMENDMENT VIOLATION TO SUPPORT COUNT II OF THE COMPLAINT

Count II of the complaint fails as it is based on the same fatal flaw as the entire complaint, i.e. the attempt to invoke the jurisdiction of this court under 42 U.S.C. §1983. In fact, Count II makes no sense. Plaintiff is claiming that he was denied substantive due process by the defendants.  The broad unfounded allegation that "the defendant has engaged in intentional, purposeful, unequal and discriminatory enforcement of the States laws, ordinances policies and procedures against the plaintiff is unsupportable. Dr. Vayner is a private citizen he is not engaged in the enforcement of the "state's laws ordinances policies and procedures." Dr. Vayner does not enforce the New York Public Health Law, the NYS Department of Health enforces the NY Public Health law.

Notwithstanding that the allegations make no sense, plaintiff has been given a copy of the records of both children as well as an opportunity to speak with the defendant. His main

---

[7] For example, §1985 (3), in pertinent part, prohibits conspiracies by two or more people to deprive a person of a legally protected constitutional right.  See 42 U.S.C. 1985(3)

complaint appears to be that it took too long. This claim does not give rise to a federal question or a violation of the 14th Amendment. [8]

### 5. COUNT III OF THE COMPLAINT FAILS BECAUSE THERE IS NO CIVIL REDRESS FOR A VIOLATION OF THE REGULATIONS ADMINISTERING HIPAA

Count III of the complaint alleges that the defendant has violated the regulation governing the administration of the Health Insurance Portability and Accountability Act (HIPAA). The regulation in question, 45 CFR §164.502 (g) concerns the obligation of a covered entity to provide medical records to a personal representative.

No one is disputing the right of a biological father to be interested in his children's health. However, whether he is "involved" as that term is used under the HIPAA regulations is a totally different question. Regardless, neither HIPAA itself nor the regulations promulgated by the Secretary of Health & Human Services creates a private right of action.

HIPAA is enforced by the Office of Civil Rights of the Department of Health and Human Services and has the authority to order the payment of a fine for violation of the regulation. A citizen is not entitled to bring a lawsuit for such a violation. "Congress did not intend to create a private right of action through which individuals can enforce HIPAA's provisions. *See e.g. Barnes v. Glennon,* No. 05–CV–0153, 2006 WL 2811821, at *5 (N.D.N.Y. Sep. 28, 2006) "No where does this statute, either explicitly or implicitly, confer to private individuals a right of enforcement" *Univ. of Colorado Hosp. Auth. v Denver Publishing Co.*  340 F. Supp.2d 1142 (D. Colo 2004) (finding no evidence that Congress intended to create a private right of action under HIPAA) *Pecou v. Forensic Comm. Pers.*, No. 06-CV-3714 SJF, 2007 WL 1490450, at *2 (E.D.N.Y. Jan. 5, 2007), *on reconsideration,* No. 06-CV-3714 SJF, 2007 WL 1774693 (E.D.N.Y. June 18, 2007).

Thank you for your kind consideration of this application.

                            Very truly yours,

                            KUTNER FRIEDRICH, LLP

                            *Charles Kutner*
                            CHARLES E. KUTNER (CK8360)

---

[8] Unfortunately, when Mr. Garanin made his request we were in the midst of a pandemic and the doctor's office was affected. Hours and staff were curtailed and processing medical records was not a priority.